HAWTHORNE, Justice.
This suit was instituted by the City of Shreveport to expropriate a strip of land across a lot owned by the defendant C. M. Worley in that city. Defendant’s lot fronts 90.97 feet on Pierre Mont Road by a depth of 305 feet, and the strip to be expropriated is the south five feet abutting on Pierre Mont Road. After trial on the merits the court awarded defendant $466 for the property taken and $382.80[1] as damages to the remainder of his property. From this judgment defendant has appealed.
Appellant does not complain of the amount awarded by the trial judge for the property expropriated, but in this court he seeks a substantial increase in the award for damages to his remaining property and also asks for other damages which we shall discuss hereafter.
Pierre Mont Road is an exclusive residential section of Shreveport. Appellant’s spacious home faces Pierre Mont and sits 115 feet from the property line on that street. Pierre Mont Road is an asphalt street 31 feet wide, with concrete curb and gutter. The property owners, voluntarily and at their own expense, had the asphalt paving laid in 1924, while the area was still outside the city limits of Shreveport. Because of the tremendous increase in traffic upon the streets of Shreveport and the consequent need for more adequate facilities, the city proposes to widen Pierre Mont Road to 41 feet between Line Avenue on the west and Gilbert Street on the east, to repave it with reinforced concrete, and to convert the street into a four-lane no-parking throughway so that it may serve as a connecting link or southern bypass route for certain United States highways. As thus reconstructed the street will carry *508 substantially more traffic and have improved Street lighting.
In this court appellant first contends that the award for damages to his remaining property should be increased to $5,000.
It is a well established principle of law in this state that when property is expropriated, the owner is entitled to compensation for damages to his remaining land caused by the taking, the measure of these damages being the difference between the market value of the remaining property immediately before and its market value immediately after the expropriation. State of Louisiana Through the Department of Highways v. Hub Realty Company, Inc., 239 La. 154, 118 So.2d 364, and cases there cited.
According to the real estate experts called by the city, the market value of appellant’s remaining property has not been reduced by the expropriation and the proposed improvement.- They did not consider that the increase in traffic and other such factors would have any adverse effect upon the property’s value, and they pointed out that since only five feet of appellant’s lot was being taken, his lot would have a depth of 300 feet and his home would be situated 110 feet from the street instead of 115. In sum, it was their opinion that the expropriation of the small strip and the construction of the proposed street improvements would have no effect on the market value of appellant’s remaining property.
In this court appellant relies principally on the testimony of three real estate experts and appraisers. They stated that in their opinion the increase in traffic, noise, etc., would cause the market value of appellant’s remaining property to decrease 15 per cent, or $5,500. To reach this conclusion they considered sales of property on Youree Drive, a residential street in Shreveport which had been widened and improved in 1947 and 1948 in a way similar to that proposed for Pierre Mont Road. They conceded that there was very little difference in the market value of property on Youree Drive before and after that street was widened and improved. They next considered a residential area immediately surrounding Youree Drive where no street improvements of a similar type had been made and where the street had not been widened, and found that property in that area had increased in market value over the same period by more than 12 per cent, the-inference being that the property on Youree Drive would also have increased in market value by more than 12 per cent if that street had not been widened and improved. From this premise they deduced that the Youree Drive property had depreciated by more than 12 per cent. They then concluded that because the homes on Pierre. Mont Road had cost more than those on Youree Drive, the property on Pierre Mont would depreciate 15 per cent because of the-proposed improvement. In other words, what they really said was that property on Pierre Mont Road would fail to increase in value by that percentage. Under their theory, therefore, if what was true of Youree Drive was true of Pierre Mont Road, then appellant, a property owner on Pierre Mont Road, has not suffered any reduction in the present market value of his remaining property. In effect, what these experts are saying is that because of the expropriation and the proposed improvements a property owner on Pierre Mont Road will suffer the loss of an anticipated profit to be realized sometime in the future. Such a loss, however, is entirely too remote and speculative to be considered as an element of damages to the owner’s remaining property.
Appellant also called two other experts who testified that in their opinion the market value of his remaining property had decreased. After reading their testimony we are not impressed by the reasons on which they base their opinions, and we cannot find in their testimony anything to justify an increase in the consequential damages awarded to appellant.
*509 We come now to appellant’s claim for other damages. In improving Pierre Mont Road the city proposes to expropriate or acquire five additional feet on each side of this street, and to repave the street and construct sidewalks. During the trial a commissioner of that city testified that for the contemplated improvement the city planned to levy an assessment on the abutting property owners of $11 a front foot. Appellant contends that under this planned assessment of $11 a front foot he will be assessed $1,000.67, and that he is entitled to recover from the city this amount which he as owner would have to pay as his portion of the cost of repaving and widening the street and putting in sidewalks. In support of this contention he cites and relies on City of New Orleans v. Giraud, 238 La. 278, 115 So.2d 349.
In the Giraud case this court allowed the defendant to recover the cost of sidewalks which were constructed as a result of the expropriation of a part of his land, but denied him the cost of paving a new street made necessary by the expropriation. In that case this court pointed out, among other things, that the city did not contest defendant’s right to recover the cost of the sidewalks, and that the cost of paving was disallowed because there was no evidence that the street was to be paved. Under these circumstances it was not necessary for the court in that case to determine whether the defendant was legally entitled to recover as separate items of damage the cost of constructing the sidewalks and paving the street; but the court stated that the jurisprudence indicated that the defendant was legally entitled to his claims, and cited in support of this statement a Court of Appeal case, Louisiana Highway Commission v. Treadaway, 173 So. 209.
Regardless of what was said in the Giraud case, we think that in a case such as this the cost of paving the street and laying sidewalks should not be allowed as separate items of damage, and that the rule which should be applied here is that where portions of landowners’ property are expropriated for improving a street and laying sidewalks, these landowners “cannot show as an element of specific damage the amount for which the property has been assessed for the improvement of the existing street, where the work was done by the municipality, since they recover this sum in the enhanced market value of their property”. See 29 C.J.S. Eminent Domain § 145, p. 991. Consequently we find that appellant in the instant case is not entitled to recover the amount of the paving assessment.
For the reasons assigned the judgment appealed -from is affirmed.

. AVe do not know how the trial judge arrived at this figure for he gave no reasons for judgment. However, the city neither appealed nor answered the appeal, and the judgment to this extent is final.