BOLIN, Judge.
This appeal presents the sole question of the proper award to be made to the defendant for his property which was expropriated by plaintiff for the construction of a highway. The parcel of land so taken was approximately eighty-one feet by sixty-one feet, and was located within the corporate limits of Bastrop, and after the taking, the defendant retained a strip of land approximately eighty feet by fifty-nine feet. There were no improvements on the property, and the only issue is the total compensation due defendant for that portion of the land actually expropriated, together with any severance damages to the remaining portion.
The district court awarded the sum of $3,600. The plaintiff has appealed and the defendant has answered the appeal and requested the award be increased to the sum ■of $4,000.
The property in question is located approximately three blocks from the More-house Parish Court Blouse, and was a corner lot, with both abutting streets being paved.
As a general rule, the measure of compensation to be awarded in proceedings of this kind is the market value of the property, that is, the price which would be agreed upon at a voluntary sale between an owner willing to sell and a purchaser willing to buy. Housing Authority of New Orleans v. Boudwine, 1954, 224 La. 988, 71 So.2d 541, and the numerous cases therein cited.
 It is likewise the general rule that where the expropriation involves a “par-.tial taking”, the land owner is entitled to severance damages to any remaining property. In the event such is allowable, the measure of compensation is the diminution in the market value of the remainder of his property so damaged. Thomas & Walker, Inc. v. City of New Orleans, 1956, 230 La. 1024, 89 So.2d 885, together with the 'cases cited therein.
Appellant in demanding a decrease in the district court’s award, relies entirely upon the testimony of Mr. E. A. Tharpe, Jr., an expert real estate appraiser from Shreveport, who was the only witness testifying on behalf of the plaintiff. This witness candidly admitted that he had never handled real estate transactions in the vicinity of the property in litigation, but based his conclusions exclusively on other comparable property transactions in the locality. Based upon such information, it was his opinion that the land actually taken had a market value of $1,462, and the severance damage to the remainder was $273, or the total sum of $1,735. In contrast to this appraisement, the defendant introduced the testimony of four witnesses who resided within the locality where the property is situated. All of these witnesses had extensive dealings in real estate, both for themselves and other people. Two of the witnesses were licensed real estate brokers; and the other two had done appraisements for others in addition to having been involved in considerable real estate transactions for themselves. While the record clearly shows that these witnesses were not learned in all of the technical methods of arriving at a proper award to be made in expropriation proceedings, it was evidence that they had sufficient background and knowledge upon which to base an opinion as to the value of the property herein. All of these witnesses placed a different estimate on the amount due the defendant herein, ranging from the sum of $3,250 to $6,500.
Counsel for the plaintiff very strenuously argues that the testimony of all of the expert witnesses introduced by the defendant should he disregarded. This con *470 tention is based principally on the fact that such witnesses did not base their opinions entirely upon comparable transactions and that they also did not definitely and separately calculate the severance damage to the remainder of the defendant’s land. We do not feel that this contention is well taken for several reasons. First, there are numerous ways of determining the market value, and the sale of similar or comparable property in the vicinity is only one item to take into consideration in arriving at such value. Here, however, the record contains no satisfactory evidence of sales of land comparable to that involved. Hence, ascertainment of the true or intrinsic value must be sought by the consideration of other factors and circumstances. In this connection, we know of no better way of determining such value than from the expert opinions of those people who have extensively bought and sold similar property, both for themselves and for others.
As to the objection that the experts tendered by the defendant incorrectly calculated the severance damage, we likewise find no merit. While they, as previously pointed out, were not expert witnesses by virtue of extensive experience in the courtrooms, such experience is not the criterion of being qualified as an expert. It is the duty of experts to state their conclusions based upon their knowledge of the subject in light of their background and experience, and it then becomes the duty of the court to take such evidence and apply the correct rules of law. That was done in this case as evidenced by the excellent written reasons of the trial judge wherein he discussed and analyzed the testimony of all such experts. Our learned brother below understood the law, and we feel that he correctly applied it to the testimony of the witnesses when he concluded as follows :
"After taking into consideration all of the testimony, the fact that this particular property is much closer to what is known as the main business section of Bastrop, which is around the court house, than the Kruger lot is and the fact that, as testified by some of the witnesses, that it is if not the only, one of the very few large tracts still open facing on Highway 165 (or East and West Madison), within the city limits of Bastrop, the Court feels that a fair value to place on this property taken and the damage as a result of leaving the irregular lot there, would be Three Thousand Six Hundred and No/100 ($3,600.00) Dollars.”
Under the circumstances, this case, from its very nature, presents solely a question of fact, and we cannot say that there is palpable error in the award or that it is manifestly excessive. The various methods to appraise the value of the subject property have materially assisted us in determining the correctness of the trial judge’s findings, and the principle that findings of fact by the trial judge shall not be disturbed in the absence of manifest error is too well settled to warrant citation. Furthermore, we consider the discrepancy in the values fixed by the experts and the award made by the judge to be strikingly narrow. We recognize the accepted rule that the opinions of qualified experts are of material aid and should be given weight and effect, particularly where, as in the instant case, these opinions appear to be well grounded from the standpoint of sincerity and logic. A consideration of all the factors involved in this matter and an analysis of the testimony of the experts convinces us that the amount awarded is a fair market value of the subject property taken and the severance damage to that remaining.
For the reasons assigned, the judgment of the lower court is affirmed.
Affirmed.