FRUGÉ, Judge.
This is an expropriation proceeding by the State of Louisiana through the Department of Highways, condemning for highway purposes a parcel of land owned by defendant, Lawrence H. DeBlanc. In expropriating the property the State of Louisiana deposited, as just compensation, $38,011.26 into the registry of the court *400 Defandant filed answer praying that the amount allowed as compensation for the property taken be increased.
The trial judge, having found the value of the property to be $59,427.00, rendered judgment in favor of DeBlanc increasing the compensation by $21,415.74, with legal interest thereon from date of judicial demand. The State of Louisiana deposited this additional amount into the registry of the court for the purpose of preventing the further accrual of interest. Plaintiff, State of Louisiana, has taken this appeal. Defendant-landowner, DeBlanc, answered the appeal seeking an increase in the award and for damages alleging the State has taken a frivolous appeal.
The property involved in this suit is located near Lafayette, Louisiana, fronting on a blacktop road generally known as the “Airport Road.” The property expropriated has a frontage of 1188.54 feet and contains approximately 6.233 acres.
The only issue in this suit, other than that of frivolous appeal, is the valuation of the land. No question of severance damages is raised.
At the trial on the merits, defendant-landowner assumed the position of a plaintiff and presented his case first. The trial judge accepted defendant’s witnesses Mr. D. W. Andrus and Mr. D. S. Young as experts in the field of real estate appraisal. Mr. D. A. Ritchey, a witness for the State called on cross-examination by the defendant, was also accepted by the court as an expert. Counsel for the State neither cross-examined defendant’s witnesses nor presented testimony on behalf of the State, taking the position that defendant-landowner had failed to prove any inadequacy in the compensation already granted.
Mr. Ritchey, the State’s expert, testified on cross-examination that the property’s highest and best use was speculative-commercial. Mr. Ritchey placed a value on the property of $32.50 per front foot. In arriving at this value he stated that he relied heavily on an average front foot value of “comparable” land transactions in the general area.
In evaluating Mr. Ritchey’s testimony the trial judge commented:
“Mr. Ritchey’s comparables, eight in number, are set out in Exhibit P-13. Some of these comparables are some five miles from the city of Lafayette, whereas the subject property is approximately two miles from the City of Lafayette. The comparables referred to dated from December, 1956 through July, 1958, whereas the property expropriated herein was taken as of March 18, 1960. The court generally observed in a review of these compara-bles that the more recent the purchases, the higher the value, which, of course, is in keeping with the general trend of enhancement of land value in the Lafayette area for the past number of years.”
For these reasons the trial judge gave little weight to the “comparables” used by Mr. Ritchey.
Defendant’s expert witnesses, Mr. An-drus and Mr. Young, were of the opinion the best and highest use of the expropriated property was commercial. Mr. Andrus is a realtor residing in Lafayette and has been involved, in many commercial developments in that area. He was of the opinion the property had a market value of between $60 and $75 per front foot. He stated his appraisal was based on his general knowledge of land values in the Lafayette area and represented his opinion of what the property would sell for between a willing buyer and a willing seller.
Mr. Young, also a realtor doing business in Lafayette, appraised the property at $60 per front foot. He stated that he did not consider as accurate the comparables in the general area of the expropriated property in view of the fact that those sales were transacted from two to four years prior to the taking of DeBlanc’s property.
*401 Defendant-landowner introduced m evidence the judgment in the cáse of State, Through Dept. of Highways v. Henderson, La.App. 3 Cir., 138 So.2d 597, where this court affirmed an award based on a value of $50 per front foot as compensation for property expropriated by the State located only a few hundred yards from the DeBlanc property on the same side of the existing road. The Henderson property was expropriated on April 29, 1960, only slightly more than a month after the expropriation of the property with which we are now concerned.
In United Gas Pipe Line Company v. Nezat, La.App. 3 Cir., 136 So.2d 76, we stated, “the judgment in any case involving other parties for the expropriation of property of similar character in the neighborhood is good evidence of value.”
Both Mr. Andrus and Mr. Young were of the opinion that the property at issue here is worth at least as much as the Henderson land. Mr. Young stated that in his view the DeBlanc property is actually somewhat more valuable due to there being certain restrictions on the Henderson property concerning the height of buildings because of its proximity to the airport.
We are unable to say that the trial judge was manifestly erroneous in valuing the DeBlanc land at $50 per front foot. Although the judgment in the Henderson case is not controlling, it was properly taken into account. The testimony of Mr. Andrus and Mr. Young gives much support to the trial judge’s findings. In the absence of comparable sales in the vicinity of the expropriated land the opinions as to value of those who deal in land transactions in that area are most helpful in establishing the worth of the expropriated property. State, Through Dept. of Highways v. Givens, La.App. 2 Cir., 129 So.2d 468; State, Through Dept of Highways v. Rooks, La.App. 2 Cir., 131 So.2d 125; State, Through Dept of Highways v. Bourgeois, La.App. 1 Cir., 146 So.2d 642.
It does not appear that the appeal was-taken insincerely or for the purpose of delay. We therefore find no merit to defendant’s argument that the appeal was frivolous. The judgment of the district court is affirmed.
Affirmed.