184 So.2d 737 (1966)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Elouise Mamie Mouton GIELEN et al., Defendants-Appellees.
No. 1663.
Court of Appeal of Louisiana, Third Circuit.
March 22, 1966.
Rehearing Denied April 19, 1966.
D. Ross Banister, Glenn S. Darsey, Ben C. Norgress, William W. Irwin, Jr., by William W. Irwin, Jr., Baton Rouge, for plaintiff-appellant.
Edwards & Edwards, by William C. Broadhurst, Crowley, for defendants-appellees.
Before FRUGE, SAVOY and HOOD, JJ.
*738 FRUGE, Judge.
This appeal presents the sole question of the proper award for severance damages to be made to the defendants for their property, due to the expropriation by plaintiff of land for the construction of a highway. The tract from which the portion was expropriated was generally "L" shaped and comprises approximately 174 acres. It should be noted that this expropriation was in connection with the construction of the interstate highway system commonly designated as "Interstate 10" or "1-10".
The strip of land so taken amounts to approximately 11.75 acres. The expropriation of this strip results in dividing the parent tract into two separate parcels, the northern tract now comprised of approximately 89 acres and the southern tract of approximately 72 acres. It was stipulated by the parties in the district court that $7,571.40 was just compensation for the 11.75 acres expropriated, which left the district court only to decide if defendants were entitled to severance damages.
The district court found that the passage of the highway more or less cut the tract in two, and so found that there was a diminution in market value of the remainder in the amount of $75.00 per acre.
The plaintiff has appealed, alleging the district court erred in awarding severance damages.
As a general rule, when an expropriation involves a "partial taking", landowners are entitled to severance damages for the remaining property which has suffered a diminution in its market value. State, Through Dept. of Highways v. Givens, La.App. 2 Cir., 129 So.2d 468.
Appellant, in demanding that no severance damages are due on the properties in question, relies principally on the testimony of Messrs. A. M. Chappuis and A. Angers, expert real estate appraisers who testified on their behalf. These witnesses based their conclusions exclusively on other property transactions in the locality.
The lower court, although recognizing these appraisers as experts in their field, found the comparables submitted by them not applicable, primarily because of their locations and particularly because of their very small acreage as compared to the acreage in litigation. The plaintiff's experts attempted to indicate that the taking of this strip of land and so dividing the original tract into two distinct smaller tracts separated now by Interstate 10, enhanced the value of this property. In direct contrast to this appraisal, defendants introduced the testimony of three witnesses who reside within the locality where the property is situated. The first witness was Mr. Joe Gielen, manager of the tract in question, a rice farmer of some 19 years and, additionally, Mayor of the City of Crowley. It was his testimony that since the original tract had always been used for agricultural purposes (growing of rice and grazing of cattle), which this court agrees to be the most economical use of this land, and since this land is irrigated by means of a deep well and pump owned by a third party not one of the landowners, if the tract was sold separately and the need arose it would be impractical to drill a water well on each tract due to the small acreage involved. Furthermore, even if the entire tract were sold as a whole, it would be inconvenient to get from one tract to the other now that Interstate 10 divides them.
The other two witnesses used by the defendants were Messrs. A. Byron Core and Marion Edwards, expert real estate appraisers from the parish where the property is located. These expert real estate appraisers for the defendants did not submit comparables as such, for they testified there was a lack of comparables in this area to the tracts of land in question. They did, however, testify it would not be practical or feasible for any prospective buyer or owner of the southern remainder of the *739 tract to build an irrigation system in view of the cost and the lack of a fair return on the investment. They likewise opined, as did Mr. Gielen, that it would not be economically feasible to have a rice operation on tracts of approximately 89 and 72 acres respectively. Both Messrs. Core and Edwards indicated that their estimate of a 25% diminution in market value, or $100 per acre for severance damages, was based on their practical knowledge and experience in real estate and farm operations in the parish wherein the property is located.
Plaintiff very strenuously argues that the testimony of the expert witnesses introduced by the defendants should be disregarded. This contention is based principally on the fact that these experts did not base their opinions entirely upon comparable transactions. We do not believe this contention is well taken for several reasons. In the first place, sales of similar or comparable property in the vicinity are only one of the factors to be taken into consideration in determining a fair market value. As the trial court found, and we so agree, the evidence presented by the plaintiff was not satisfactory in showing sales of land comparable to the land in litigation. The ascertaining of the true market value must be found by the determination and the consideration of all factors and circumstances. One acceptable method of ascertaining the market value of the remaining lands is by the expert opinions of appraisers who have extensively bought, sold and appraised lands within the same locality of the expropriated lands when no true comparables can be found.
Sales of similar and comparable property within the vicinity of the subject property in an expropriation offer the best guide in determining the market value of property. State of Louisiana through the Department of Highways v. Hub Realty Co., Inc., 239 La. 154, 118 So.2d 364; Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491. However, it has long been the practice of Louisiana courts to rely on the expert opinions of those who deal in land transactions in the vicinity of the expropriated land in the absence of comparable sales in order to establish the value of the remaining lands. State of Louisiana Through the Dept. of Highways v. DeBlanc, La.App. 3 Cir., 169 So.2d 399; State, Through Dept. of Highways v. Givens, supra; State, Through Dept. of Highways v. Rooks, La.App. 2 Cir., 131 So.2d 125; State, Through Dept. of Highways v. Bourgeois, La.App. 1 Cir., 146 So.2d 642.
This case presents solely a question of fact and we cannot say that the award for severance damages of $75.00 per acre was palpable error or that it was manifestly excessive under the circumstances. The opinions of all the experts clearly aided this court as surely as it aided the lower court in its determining the award for severance damages. The principle that findings of fact by the trial court shall not be disturbed in the absence of manifest error is so well settled in our jurisprudence as not to warrant citation.
Considering that Interstate 10 now practically divides a once-large tract of land into two separate distinct smaller tracts not easily accessible to one another, so making the growing of rice and the grazing of cattle inconvenient, we find the award made for severance damages conservative.
For the reasons assigned, the judgment of the lower court awarding severance damages is hereby affirmed. Costs of this appeal are to be taxed to the appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.