SAMUEL, Judge.
This proceeding for the expropriation of land to be used in connection with the construction of Interstate Highway 10 was instituted against Cenco, Inc., the owner of the expropriated property, and Central Truck Lines, Inc., lessee thereof. Both defendants answered claiming additional compensation. Both have appealed from a judgment in favor of Cenco in the sum of $43,843.65 as additional compensation in excess of the amount of $46,075 deposited by plaintiff for the taking and against Central, dismissing the claim of that defendant. Plaintiff has answered the appeals seeking a reduction in the award to an amount not in excess of the sum deposited for the taking.
The same counsel who have represented Cenco in this court and in the trial court, and who took the appeal for Cenco, also represented Central in the trial court and took its appeal. We are informed by that counsel that Central’s appeal has been abandoned and note that Central made no attempt to prove its claim in the trial court and has made no appearance in this court. Accordingly, we will affirm the judgment rendered against Central.
The property is situated in the Ninth Ward, Third Municipal District of the City of New Orleans. The whole property measured 345.60 feet front on Old Gentilly Road, a depth on the eastern line of 462.41 feet, a depth on the western line of 445.13 feet, and 342.30 feet on the rear or southern line which adjoined the right-of-way of the Louisville and Nashville Railroad Company. Two portions of the whole property were expropriated. One, triangular in shape and measuring 112.17 feet on the northern line along Old Gentilly Road, contained 1,038 square feet. The other, the rear portion of the whole property measuring the full 342.30 feet on the southern line, contained 69,573 square feet. Thus the property taken contained a total of 70,-611 square feet. The whole property contained 155,945 square feet and the remainder of the whole property after the taking contained 85,334 square feet. At the time of the taking the whole property was zoned J — light industrial, was under lease by Cenco to Central and was being used as a truck terminal.
The trial court judgment is based on a finding that the land taken had a value of $1.15 per square foot or a total value of $81,202.65. The total amount awarded con *164 sisted of this amount, $81,202.65, plus $5,341 in severance damages, the latter consisting of $1,241 resulting from the destruction of a chain link fence and a shelled area and $4,100, the cost of removing and relocating a truck scale.
Four real estate expert witnesses testified as to value, two for the plaintiff and two for the defendant. Plaintiff’s two expert witnesses were Mr. L. X. Lemulle and Mr. E. A. Tharpe, Jr.; defendant’s were Mr. Omer F. Kuebel and Mr. Stanley M. Lemarie. Mr. Lemulle and Mr. Tharpe, respectively, were of the opinion that the property taken was worth $0.80 and $0.85 a square foot. Mr. Kuebel and Mr. Lemarie were of the opinion that the property taken was worth $1.25 a square foot. All of these witnesses used the market data approach or the before and after method and many of the same comparable sales in arriving at their conclusions and all agreed that the highest and best use for the property was light industrial. The differences in their ■ conclusions resulted from their individual adjustments of the comparable sales, especially as such adjustments were affected by three economic factors in the area, the establishment of the Michaud facility of NASA, the development of New Orleans East and the opening of the Mississippi River-Gulf Outlet.
The property in the instant case adjoins the property expropriated in the case of State, Through Department of Highways v. Reuter, 175 So.2d 316, recently decided by this court, and the property expropriated in Reuter in turn adjoins the property taken in State, Through Department of Highways v. Glaser, La.App., 187 So.2d 452, handed down this day. The properties in the three cases were taken for the same purpose within a six month period during 1963. In all three cases the same four real estate experts testified using the same comparable sales, considerations and reasons. And in each of the three cases each expert was of the same opinon as to the square foot value of the land taken as he was in the other two cases.
While it is true, as argued by counsel for plaintiff, that value is a factual issue to be determined in each expropriation case on its own facts, and for this and other reasons we are not here bound by the holdings in Reuter and Glaser, and that properties are not necessarily endowed with the same attributes resulting in identical market values simply because they adjoin each other, in the instant case we are unable to find any difference in the properties or in the evidence in the three cases which could result in a difference in square foot value. The testimony of the experts is to the effect that no such difference exists.
In both Reuter and Glaser we concluded the property had a value of $1.15 a square foot. And we are in agreement with the trial court’s conclusion in the instant case, that the property taken here also had a value of $1.15 a square foot. In view of the discussions contained in the Reuter and Glaser opinions, we consider it unnecessary again to discuss the same evidence and the same testimony by the same expert witnesses. That portion of the trial court judgment which awards $81,202.65 as the total value of the land taken will be affirmed.
As we have stated, the land taken in the instant case was expropriated in connection with the construction of Interstate Highway 10. More specifically, the rear portion of the whole property is to be used in the construction of the highway itself and the small triangular parcel fronting on Old Gentilly Road is to be used in connection with a proposed widening of that road and the construction of an overpass. The overpass involves a ramp which will be built on the eastern front portion of the triangular parcel expropriated. The highway itself will be a controlled access highway but Old Gentilly Road will remain uncontrolled insofar as access is concerned.
In addition to the severance damages awarded by the trial court in the amount of $5,341, Cenco contends it is entitled to damages for impairment of the right of ingress and egress to and from the property as a *165 result of the ramp which is to he built, loss of assembly value, loss of any future possibility of railroad siding and switch track facilities as a result of a denial of access to the railroad right-of-way and loss of value resulting from the future location of the property at the foot of an overpass. Plaintiff contends the award for severance damages made by the trial court should be reduced and that no other such damages should be allowed.
Plaintiff’s expert witnesses testified that, in their opinions, the remainder of the property after expropriation suffered no damages other than such as were occasioned by the destruction of the fence and the shelled area and by the necessary removal and relocation of the scale and that the damages occasioned by the scale were not $4,100 as awarded but $3,375.
Cenco’s expert witnesses, particularly Mr. Kuebel, assessed damages to improvements on the property, and insofar as we can determine from the record the only improvements to which they refer are the fence, the shelled area and the scale, at $7,500. In addition, Mr. Kuebel testified the remaining 25,000 square feet of that part of the property from which the trianglar shaped piece of land fronting on Old Gentilly Road had been taken was damaged to the extent of $0.50 a square foot or $12,500 as a result of loss of access to Old Gentilly Road to the front of that property and loss of access to the property and to railroad facilities in the rear. This witness assessed all severance damages in the total amount of $20,000.
Cenco’s other expert witness, Mr. Le-marie, testified he concurred with Mr. Kue-bel’s estimate of severance damages in the amount of $12,500 relative to the remaining property consisting of 25,000 square feet but differed from Mr. Kuebel in that he was of the opinion the remaining property as a whole suffered a loss in value as a result of the total loss of access to railroad facilities in the rear. He assessed these damages at $0.10 a square foot or approximately $8,276. His total assessment of' severance damages was $20,776. He gave no testimony as to damages to the improvements on the property.
The trial court award of $1,241 in damages as a result of the destruction of the fence and shelled area is correct beyond question. This amount is clearly established by the record and is uncontradicted in any way. With almost equal clarity, the judgment is correct in awarding $4,100 as damages for the removal and relocation of the truck scale. The necessity of such removal and relocation is not disputed. The scale was so close to the line of the property taken that there was insufficient room left on the remaining property to use the scale. Plaintiff’s expert witnesses obtained two estimates of the cost of such removal and relocation and their assessment of $3,375 is based upon one of those estimates. But the person who made the estimate upon which that assessment is based, a Mr. Schloegel who was engaged in the business of relocating, installing and repairing such scales, also testified and his testimony was that the total cost involved, including relocating, making such repairs as would be caused by the moving, construction of a new pit, etc., would be $4,100. The difference between the two sums appears to be due to a misunderstanding as to repairs.
Cenco’s contention that it is entitled to additional damages as a result of an impairment of ingress and egress to and from the property from which the triangular portion fronting on Old Gentilly Road was taken is without foundation in fact. The evidence is that an overpass ramp will be constructed. But only the foot of the ramp will be upon a small portion of the extreme eastern part of the property taken. No fences or buildings will be located in the immediate vicinity, Old Gentilly Road will remain uncontrolled insofar as access is concerned and the ramp will reach ground level as it enters the property. The trial court found as a fact that no denial of in *166 gress or egress would result from the taking of the front 1,038 square feet of property and we agree with that finding.
We are unable to award damages for loss of assembly value; the record is devoid of any evidence relative to the value of such loss, if any such loss there be. Mr. Kuebel testified he had not computed damages for loss of assembly value, Mr. Lemarie offered no testimony at all on that point, and as we have pointed out, plaintiff’s two expert witnesses were of the opinion that there was no loss of assembly value.
In view of the fact that the property has not been deprived of free ingress and egress as a result of future construction of the ramp, we cannot allow the $12,500 item of damage testified to by both of Cenco’s expert witnesses. Their computation of these damages was based on loss of access to the property and to the railroad in the rear and on the assumption that the front of the property would be deprived of ingress and egress by construction of the ramp. We have found that the assumption is incorrect. The front of the property will not be deprived of ingress and egress by construction of the ramp.
However, we are of the opinion that the remainder of the whole property has suffered a loss in value as a result of loss of any future possibility of railroad siding and switch track facilities. The highway to be constructed will be a controlled access highway and will effectively prevent access to the railroad right-of-way which will be on the opposite side of the highway from the remainder of the property. As the only testimony in the record relative to the value thus lost was given by Mr. Lemarie, and as we believe his assessment of the same is fair and reasonable, we will allow additional severance damages at $0.10 a square foot. The remaining property contains 85,334 square feet and this addition to the severance damages awarded will be $8,533.40.
We note that Mr. Lemarie gave the total of this $8,533.40 figure as “approximately $8,276” but the correct figure is as we have indicated. We also note that in the case of State, Through Department of Highways v. Reuter, supra, damages were awarded to the extent of $0.25 per square foot. However, the award in Reuter included loss of assembly, the value which, if any, has not been proved in the instant case, and the ramp in front of the Reuter property, at least in large part, quite clearly will be elevated well above the surface of the ground so that the location of the remainder in Reuter at the foot of the overpass resulted in serious problems not present in the instant case.
Finally, counsel for plaintiff have called our attention to a duplication in the trial court judgment. On the basis of a certificate which it filed in the record with the petition, plaintiff fixed the value of the land taken at $42,700 and the damages resulting from that taking at $3,375 and deposited the total amount of those two sums, $46,075, in the registry of the trial court. The trial court found the value of the land taken was $81,202.65 and the amount of damages resulting from that taking was $5,341 so that, under the court’s findings, the correct total award to Cenco should have been $86,543.65. But the judgment is in favor of Cenco and against plaintiff “ * * in the full sum of Forty Three Thousand Eight Hundred Forty Three and 65/100 ($43,843.65) Dollars as additional compensation in excess of the amount of Forty Six Thousand Seventy Five and no/100 ($46,075.00) Dollars heretofore deposited in the Registry of this Court, * * * Thus the judgment awards the total amount of $89,918.65 ($43,843.65 plus $46,075), which is $3,375 in excess of the amount intended.
The discrepancy is in the exact amount, $3,375, of the sum deposited by plaintiff for damages and was caused by the judgment award of $43,843.65, which included the $5,341 found by the court to be the correct amount of damages, as additional compensation in excess of the $46,075 deposit, which deposit included the $3,375 for damages as certified by plaintiff. Thus the award as *167 made contains a duplication of the $3,375 certified damages. We will recast the pertinent portion of the trial court judgment so as to correct the error.
For the reasons assigned, that portion of the judgment appealed from which awards compensation to Cenco, Inc. is amended and recast so as to read as follows: It is ordered, adjudged and decreed that there be judgment herein in favor of Cenco, Inc., and against the State of Louisiana, through the Department of Highways, in the full sum of Forty-Nine Thousand Two and 05/100 ($49,002.05) Dollars as additional compensation in excess of the amount of Forty-Six Thousand Seventy-Five and no/-100 ($46,075.00) Dollars deposited in the Registry of the Civil District Court for the Parish of Orleans, together with legal interest on the amount of Forty-Nine Thousand Two and 05/100 ($49,002.05) Dollars from date of judicial demand until paid, and for all costs. As thus amended, and in all other respects, the judgment appealed from is affirmed; all costs in this court to be paid by the plaintiff-appellee.
Amended, recast in part, and affirmed.