LOTTINGER, Judge.
This is an expropriation proceeding filed by the State of Louisiana, through the Department of Highways under the provisions of R.S. 48:441 et seq. The expropriated property was owned by the defendant, Mrs. Theonie Patin Henry, and was situated in the Parish of Pointe Coupee, Louisiana. The expropriation arises in connection with a project providing for the construction of a highway in the northern part of Pointe Coupee Parish. The property taken by petitioner consists of approximately 39 acres of land which traverses the tract owned by the defendant in a northerly-southerly direction. At the time the suit was filed the petitioner deposited in the Registry of the Court the sum of $17,464.00, representing its estimate of just compensa *802 tion for the land taken in the sum of $8,781.-00, and severance damages to the remainder of defendant’s property in the sum of $8,-683.00.
The defendant withdrew the deposit from the Registry of the Court, and filed answer contesting the quantum, and therefore, the only question before this Court is that of damages.
After trial below the Lower Court rendered judgment in the sum of $12,225.00 as compensation for the land taken, plus $20,-075.00 for residual or other damages, thus making the total award in the sum of $32,-300.00, less a credit of $17,464.00 which was withdrawn from the Registry of the Court. The petitioner has taken this appeal.
The record reflects that prior to the taking the property owned by defendant consisted of approximately 2300 acres bounded on the North by Louisiana Highway 418 and on the West by Louisiana Highway 970. Some 1350 acres of property was in improved pasture land, the balance being in woodland. The 39 acres taken by the petitioner traversed the entire property in a generally Northerly and Southerly direction, thus severing the property of defendant into two parts. The Eastern remainder consists of approximately 761.62 acres, of which 140 acres was in improved pasture land. The Western remainder consisted of approximately 1477.65 acres, of which approximately 1450 acres was in improved pasture land. Prior to the taking, the integral tract consisted of approximately 1590 acres of open land, and 600 acres of woodland. The bulk of the improvements remaining on the property after the taking was in the Western remainder.
Before the expropriation by petitioner, the subject property was divided into approximately 16 fenced-off pastures. The hay barns, catch pens, six water wells and other improvements were all located on the Western portion of the property. None of these improvements will be available to the Eastern remainder, and the owner of the property will no longer be able to get to all parts, or run his cattle to all parts of the property without traversing the new road. There is now approximately two miles of new highway running across the original tract, which means that approximately four miles of additional fencing must be maintained by the defendant. The Eastern remainder will have no water or catch pens, and in order to utilize the remaining pasture on the Eastern side of the highway, it will be necessary for the owner to transport cattle back and forth across the highway.
Each of the parties to this action submitted the testimony of expert appraisers who testified relative to the damages for the property taken as well as the diminution in value to the remaining property caused by the taking.
Mr. Clifford C. Reddell, a realtor living in Baton Rouge, Louisiana estimated that the whole tract of land contained 2200 acres. His estimate as to the value of the land expropriated was in the sum of $14,-100.00, and the damages to the remainder as a result of the taking was in the sum of $20,900.00, thus making the total estimation of just compensation in the sum of $35,000.00. Mr. Reddell itemized the various section of the property owned by defendant giving different valuations for river and road frontage, improved pasture land and wood pasture land. He stated that he found no true comparable sales in the area, the only two sales which he could find being of acreage of a much smaller area and which had not been improved to the extent of the property taken.
Mr. Clyde A. Farr, a real estate agent specializing in farm land and living in the city of Baton Rouge, also testified on behalf of defendant. He estimated that there were approximately 2290 acres in the whole tract, and valued the land taken at the sum of $10,350.00, severance damages to the remainder at $21,000.00 plus $1,325.00 for *803 eleven pecan trees situated on the property taken, thus making his total valuation at the sum of $32,675.00. He, as did Mr. Red-dell, testified that there were some sales of property in the area hut that he did not consider them true comparables because of the small acreage involved as well as the lack of improvements to the pasture land.
Mr. Bennie E. Causey, Jr., the only bonded real estate broker in the Parish of Pointe Coupee, testified on behalf of the petitioner. He used what he claimed as two comparables in reaching his result, which was $6,895.00 for the property taken and $17,000.00 severance damages. With regard to the severance damages, however, Mr. Causey found special benefits to be derived to the remainder of the property by virtue of the highway bisecting same in the sum of $10,000.00, thus making his estimate of just compensation in the sum of $13,895.00. In arriving at his valuation of the property taken, Mr. Causey used two comparables, one being the sale of 200 acres of primarily woodland for $110.00 per acre, the other being a sale by the same party of some 552 acres of primarily pasture land for $250.00 per acre. He arrived at his figure of $180.00 per acre by adding the price per acre of the two comparables and dividing by two, after making certain adjustments.
The other expert who testified for petitioner was Mr. Everett Stephens, a real estate broker of Alexandria, Louisiana. He valued the land taken at the sum of $8,781.-00, and gave severance damages to the remainder of the property at the sum of $8,-683.00, thus making his total valuation of just compensation in the sum of $17,464.00. He claimed to have used three comparables in making his appraisal. One comparable was the sale of approximately 255 acres which, after deducting the valuation of improvements, he estimated at the sum of $198.00 per acre. The second comparable was of 261.74 acres which sold for $180.00 per acre, and the third comparable was a sale of 178.63 acres which, after deducting his estimated value of improvements, he estimated it at $145.00 per acre.
All of the experts testifying in this suit stated that the highest and best uses of the property expropriated was that of farm land or pasture land. They all testified that the property of defendant was highly improved pasture land and that, prior to the taking the land was used as one integral tract with free access to all parts. Since the taking, the land has been divided by approximately two miles of open highway.
The Lower Court, and its reasons for judgment, concluded that there were no-comparable sales introduced into evidence and that, therefore, it could not consider the values placed on the actual land taken by the appraisers for petitioner, Mr. Causey and Mr. Stephens. The Court also discounted the value of severance damages as set by Mr. Stephens because he had only made one appraisal in Pointe Coupee Parish prior to the appraisal in litigation.
Certainly the transactions used by the petitioner’s experts were not true com-parables. They were of sales of land of much less acreage and not nearly as highly improved pasture land as that of defendant In State of Louisiana, Through the Department of Highways v. Gielen, 184 So.2d 737, the Court, in discussing comparables, stated as follows:
“Plaintiff very strenuously argues that the testimony of the expert witnesses introduced by the defendant should be disregarded. This contention is based principally on the fact that these experts did not base their opinions entirely upon comparable transactions. We do not believe this contention is well taken for several reasons. In the first place, sales of similar or comparable property in the vicinity are only one of the factors to be taken into consideration in determining a fair market value. As the trial court found, and we so agree, the evidence presented by the plaintiff was not *804 satisfactory in showing sales of land comparable to the land in litigation. The ascertaining of the true market value must be found by the determination and the consideration of all factors and circumstances. One acceptable method of ascertaining the market value of the remaining lands is by the expert opinions of appraisers who have extensively bought, sold and appraised lands within the same locality of the expropriated lands when no true comparables can be found.”
We do not feel that the Lower Court erred in discarding the valuations as set on the property taken by Mr. Stephens and Mr. Causey. Mr. Stephens testifed that this was his first appraisal in the Parish of Pointe Coupee. Mr. Causey, on the other hand, testified that he made no adjustments for such things as location, condition of the land, and size. The witnesses testified in open Court before the Trial Judge, who was in a favorable position to evaluate their testimony. The jurisprudence is to the effect that the testimony of each expert should be given effect if that testimony appears to be well reasoned and sincere. However, if the expert testimony impresses the Court unfavorably, it will be disregarded. State, Through Department of Highways v. Hub Realty Company, 239 La. 154, 118 So.2d 364.
In reaching its award for damages for the taking, the Lower Court considered the appraisals as set by Mr. Reddell and Mr. Farr. In arriving at its award for the taking in the sum of $12,225.00, the Lower Court added the appraisal of Mr. Reddell in the sum of $14,100.00 and Mr. Farr in the sum of $10,350.00 and divided by two.
In arriving at its award of damages, exclusive of the value of the property actually taken, in the sum of $20,075.00, the Lower Court added the appraisals of Mr. Reddell in the sum of $20,900.00, Mr. Farr in the sum of $22,325.00, and Mr. Causey in the sum of $17,000.00, and divided the total by three. The petitioner, however, contends that this was error in that the Lower Court should have subtracted from the $17,000.00 appraisal by Mr. Causey the sum of $10,000.00 which Mr. Causey testified would be the special benefits derived to the property as a result of the highway crossing same. Considering that all four appraisers gave the highest and best use of the property of defendants as that of farm or pasture land, and that the construction of the highway across same would hamper the pasture operations of the land as a unit, we fail to see how any enhancement in value can be considered. It is true that in Parish of East Baton Rouge v. Edwards, La.App., 119 So.2d 175, this Court did take into consideration special benefits being derived to the adjoining property of the defendants by virtue of the construction of a highway. However, in that case, the highest and best value of the property was for commercial purposes. On the other hand, in State of Louisiana, Through Department of Highways, v. Dodge, La.App., 168 So.2d 430, the Court concluded that the question of whether the construction of a highway would enhance the value of property of which the highest and best use was farm or pasture land was too speculative, and the Court refused to consider the question of special benefits to the remaining property. We believe that the same applies in the instant case.
The defendant, in its brief, claims that the Lower Court erred in considering the testimony of Mr. Causey as it regards severance damages while disregarding it as to damages for the taking. The severance damages of Mr. Causey in the sum of $17,-500.00 was the lowest of the three figures considered by the Lower Court in arriving at its decision for severance damages. If we were to only consider the amounts as set by Mr. Reddell and Mr. Farr, the quantum allowed would be increased. As we have said before, the defendant has neither appealed nor filed answer, and we are unable, therefore, to increase the award in favor of the defendants.
*805 ■ For the reasons hereinabove set forth, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioner.
Judgment affirmed.