McBRIDE, Judge.
The City of New Orleans, under the provisions of R.S. 19:1-13, filed these proceedings seeking to expropriate, for use as part *686 of the right of way for proposed Crowder Road, a six-lane, paved, heavy-duty roadway with curbs, subsurface drainage and a place for sidewalks, an unimproved tapering strip of ground owned by defendant, measuring 54.09' front on Dwyer Road and coming to a point in the rear, each sideline of said strip measuring roughly 3350 feet. The strip sought to be expropriated is to be taken from the west side of a larger parcel of unimproved property owned by defendant.
After a hearing on the merits, the trial court decreed the expropriation and awarded defendant $64,185.25 for the taking. Part of the ground expropriated is zoned commercial and the balance of the land is zoned residential property. The aggregate amount of the judgment, according to the judge’s reasons, was arrived at, thusly:
11,500 sq. ft. land zoned "F” @ $1.35 per sq. ft. $ 15,525.00
133,310 sq. ft. land zoned “B” @ 27j4 ‡ per sq. ft. 36,660.25
Cost of erecting new fence 4,000.00
Cost of constructing sidewalk 8,000.00
$ 64,185.25
Both parties have appealed. Several issues are presented for determination, viz:
(1) The propriety of the allowance by the trial court of $1.35 per square foot as compensation for the “F” commercial property. Plaintiff-appellant contends the award is excessive as the property is worth no more than 95 ‡ per square foot. On the other hand, defendant-appellant maintains that the award is inadequate as the commercial property is of a value of $1.58 per square foot;
(2) the propriety of the allowance of 27^4$ per square foot for the residential property, the City contending that the award is excessive and should be reduced because the property is only worth 25^ per square foot;
(3) the correctness of the award of $4000 for the replacement of a fence, the City’s contention being that the award was erroneously based on 4000 running feet of fence, whereas the frontage of defendant’s remaining property along Crowder Road is only 3350.23 feet and that the award should be commensurately reduced;
(4) the correctness of the allowance by the court of $8000 for the construction of a sidewalk along Crowder Road, the City contending there is no legal basis for such allowance;
(5) the contention of defendant that she is entitled to an award of $10 per front foot which will be the assessment against her remaining property by the City of New Orleans for the paving of Crowder Road, or, in the alternative, that there be judgment in her favor decreeing that the remainder of her property shall be exempt from any assessment by the City for such paving.
The city also makes an alternative contention, which, in view of our conclusions, need not be set forth.
Two experienced real estate appraisers and one realtor testified as to the valuation of the property. Charles Deano, the City’s expert, was of the opinion the commercial portion of the ground expropriated was worth not more than 95^ per square foot. James Maloney, the expert for the defendant, thought that the correct valuation of the commercial property was $1.40 per square foot. Both experts declared *687 they were particularly familiar with property in the general area and also the subject property as a result of their experience as real estate agents and also from having examined the property for the purposes of this suit. Mr. Deano predicated his appraisal on several sales which he utilized as comparables. The sale prices of the land involved in the transactions ranged from 930 to 980 per square foot, the sales having been made in August and October, 1965, or some nine months before this suit was filed. The location of the land involved in the Deano comparables was somewhat remote from the subject property. Mr. Maloney also made reference to several sales which took place between May 1965 and April 1966, at prices ranging from $1.35 per square foot to $3.75 per square foot, the latter sale embracing improved property. The property lying in closest proximity to the subject property was directly across the street therefrom which brought $1.45 per square foot at the sale Mr. Maloney presented. The witness did not know, however, whether there were any sort of improvements on the property when it was sold in February, 1965. Mr. Lester Hyman, a realtor, claiming to be familiar with prices of land in the general neighborhood concurred in Mr. Maloney’s valuation of the commercial portion of the property expropriated.
The trial judge thought $1.35 per square foot would be a fair compensation for the commercial property and rendered judgment accordingly.
After carefully analyzing the testimony of the two experts and the realtor, we fail to perceive error in the finding of the trial judge and do not think his award should be revised in any way. The valuation of the property encompasses only a question of fact and the finding of the trial court should not be disturbed in the absence of manifest error. See State, Through Department of Highways v. Jacques, 197 So.2d 414 (decided by this court April 3, 1967; State Through Department of Highways v. Gielen, La.App., 184 So.2d 737.
In regard to the residential property the respective experts relied on the same two comparables. One of these involved a sale made in November, 1965 on the basis of 240 per square foot, the property being located one and one-half mile from the land expropriated. The other transaction had been made earlier (May of 1965 at 300 per square foot, and involved property located at a distance of five or six blocks from that with which we are concerned. The trial judge thought the residential property expropriated was worth 27^0 per square foot. This was the valuation placed by Mr. Maloney on the property sold in November, 1965 at 240 per square foot. He explained that immediately after said sale there was a bona fide offer made for said property at the rate of 27j40 per square foot and that it was his opinion the property was worth that much. The court adopted this latter appraisement. We perceive no merit in the City’s contention that the property should have been appraised at 250 per square foot. There is no error in the finding of the lower court.
The City Attorney does not contest the right of defendant to recover the cost of erecting a fence along Crowder Road. He merely contends that the award of $4000 is excessive and should be reduced to $3350.32. Mr. Maloney testified that a chain link fence would cost $1.00 per running foot, and that for 4000 feet, which he thought was the depth of the property fronting proposed Crowder Road, the total cost would be $4000. We find, after checking the map introduced in evidence which minutely details the property to be expropriated, that defendant’s remaining property will have a frontage along Crowder Road of 3350.23 feet. Therefore, at $1.00 per running foot the cost of erecting the fence should be $3350.23.
The question of the allowance of $8000 for the sidewalk, and the rejection of defendant’s claim for $10 for each foot of *688 her property which will abut Crowder Road for the paving thereof must now be considered. Mr. Louis M. Buja, Chief Engineer of the Department of Streets, City of New Orleans, testified that Crowder Road is to- be a six-lane paved highway with curbs, sub-surface drainage, and a space for sidewalks; that the Department of Streets in the request for its capital budget for 1967 recommended the paving of said Road which, when completed, would result in an assessment against the abutting property owners for such improvements at the rate of $10 per foot for the work. Crowder Road being a proposed new street it follows that at the time of the taking there was no sidewalk on the property expropriated. The trial court awarded defendant $8000 for a sidewalk but refused her demand for an allowance of $10 per abutting foot of her property on Crowder Road in reimbursement of the paving charges. The trial judge’s opinion, was based on the holding in City of New Orleans v. Giraud, (1959) 238 La. 278, 115 So.2d 349.
In City of New Orleans v. Giraud, supra, an allowance was made to the defendant for the laying of sidewalks, but it was held that the defendant should not be allowed compensation for the costs of paving a new street. It appeared that the City Attorney stated in his oral argument before the court that he did not contest defendant’s right to an allowance for the cost of sidewalks. The claim for the cost of paving the new street was not allowed because, as the court stated, there was no evidence disclosing that the street was to be paved and that, in fact, the evidence indicated that it would probably be a shelled street. The court said: “There being no proof that defendant will have to pay for street paving at any time in the near future, consequential damages based on street paving would be anticipated damages, which are too speculative to be allowed”.
It is obvious that City of New Orleans v. Giraud, supra, has no applicability because the expropriator therein conceded that the property owner was entitled to be compensated for the laying of sidewalks, which is not the case here. Street paving costs were disallowed for the reason there was no proof that the street would be paved, which situation .does not exist in the instant case.
In 1960 the Supreme Court decided City of Shreveport v. Worley, 240 La. 117, 121 So.2d 506, in which the property owner sought to recover from the expropriator special damages to his remaining property in the form of an allowance sufficient in amount to cover the construction of sidewalks and the paving of the street. The court disallowed both claims. In the course of its opinion the Court discussed City of New Ox-leans v. Giraud, supra, as follows:
“In the Giraud case this court allowed the defendant to recover the cost.of sidewalks which were constructed as a result of the expropriation of a part of his land, but denied him the cost of paving a new street made necessary by the expropriation. In that case this court pointed out, among other things, that the city did not contest defendant’s right to recover the cost of the sidewalks, and that the cost of paving was disallowed because there was no evidence that the street was to be paved. Under these circumstances it was not necessary for the court in that case to detennine whether the defendant was legally entitled to recover as separate items of damage the cost of constructing the sidewalks and paving the street; but the court stated that the jurispiudence indicated that the defendant was legally entitled to his claims, and cited in support of this statement a Court of Appeal case, Louisiana Highway Commission v. Treadaway, 173 So. 209.
“Regardless of what was said in the Giraud case, we think that in a case such as this the cost of paving the street and laying sidewalks should not he allowed as separate items of damage, and that the rule which should be applied here is that where portions of landowners’ property are expropriated for improving a street and laying sidewalks, these landowners - *689 ‘cannot show as an element of specific damage the amount for which the property has been assessed for the improvement of the existing street, where the work was done by the municipality, since they recover this sum in the enhanced market value of their property’. See 29 C.J.S. Eminent Domain § 145, p. 991. Consequently we find that appellant in the instant case is not entitled to recover the amount of the paving assessment.”
On application for rehearing in City of Shreveport v. Worley, supra, the Court said, by a per curiam:
“In application for a rehearing defendant complains, among other things, that this Court erred in its reason for refusing to consider paving costs as an element of damage, pointing out that the instant case is not covered by the rule cited in 29 C.J. S. Eminent Domain § 145, p. 991, because the Court admits that the contemplated improvement would not enhance the market value of defendant’s property. Defendant may be correct in urging the inapplicability of the quoted rule to the case at bar. However, our refusal to consider the paving costs as damages is nevertheless proper, since the Constitu-tution and statutes of this state provide that municipalities, in constructing or improving streets situated within its limits, can levy an assessment on the real property abutting the improvement as a means of paying for it, without any regard being given to the benefit or detriment which the contemplated improvement will cause the property. La. Const, of 1921, Art. 1, Sec. 2; Art. 10, Sec. 13; R.S. 33:3301. The fact that part of the street improvement is to be situated on land expropriated from defendant does not put him in any better position to receive a return of his assessment than a landowner whose land merely abuts the improvement without any of it having been taken”.
City of Shreveport v. Worley is decisive of the issues confronting us. The only difference as between the two cases is that in the cited case the City was to lay the sidewalks and assess the property owner therefor, while in the instant case there is no evidence that sidewalks would be laid by the municipality, Mr. Buja having testified that the City would leave a space for sidewalks. This distinction is of no moment. Whether the City is to lay the sidewalks and assess the abutting property for the costs, or whether the burden is on the owner to lay his own sidewalks, the amount paid in either event should not be allowed as a separate item of damage. The defendant is not to be placed in a more advantageous position than the rest of the abutting landowners.
It is ordered, adjudged and decreed that the judgment appealed from be amended so. as to provide that the amount the City of New Orleans shall pay defendant for the expropriation shall be $55,535.48, and as thus amended and in all other respects the judgment is affirmed. Defendant is to-pay the cost in this court.
Amended and affirmed.