SAMUEL, Judge.
The State of Louisiana, Through the Department of Highways, filed this suit on February 14, 1964 to expropriate certain property (a total taking) for highway purposes. Plaintiff deposited $75,350 in the Registry of Court as the value of the property, which amount included $3,200 for the improvements thereon. Defendant answered, averring the true value of the property was $309,324.90.
Following trial judgment was rendered in favor of defendant in the sum of $119,-722 for the land and $3,200 for the improvements, subject to a credit for the amount already on deposit. After rendition of judgment plaintiff placed in the Registry of Court an additional sum of $55,897.10, the difference between its initial deposit and the amount of the judgment plus interest, and then appealed contending the award was excessive. Defendant answered the appeal requesting the award be increased to the sum for which she originally had prayed.
The property measures 72 feet front on Chef Menteur Highway by a depth of 3,370 feet, 33,480 square feet of which is zoned F Heavy Commercial and 213,592.3 square feet of which is zoned B Two-Family Residential. It is situated in the Ninth Ward of the Third Municipal District of the City of New Orleans and is referred *537 to as Parcel 18-2 on the right-of-way maps of the State of Louisiana, Department of Highways. The $3,200 estimated value of the improvements on the property was accepted by the defendant.
The only question presented for our determination is whether the amount of the judgment represents just compensation for the property expropriated. Three expert witnesses testified relative to that question: E. A. Tharpe, who appraised the property for the state; and Omer S. Kue-bel and James M. Maloney, appraisers for the defendant.
After revising an earlier appraisal, Mr. Tharpe placed a value of $1.65 per square foot on the commercial portion and $6,000 per acre for the residential portion of 4.9 acres [or $0.15 per square foot], thus arriving at a total of $84,642 plus $3,200 for the salvage value of the improvements. Both Mr. Kuebel and Mr. Maloney valued the F Commercial portion at $2.30 per square foot. They disagreed on the value of the residential portion, Mr. Keubel placing the value at $0.20 per square foot, and Mr. Maloney at $0.30 per square foot. The trial court awarded $2.30 per square foot or $77,004 for the commercial area and $0.20 per square foot or $42,718 for the residential area.
All of the appraisers agreed that the highest and best use of the subject property was: (1) F Heavy Commercial to a depth of 500 feet; and (2) the remaining portion B Two-Family Residential. The subject property was occupied prior to and at the time of taking; the front portion contained a supermarket and the rear was used for two-family rental units.
Plaintiff contends .the award is excessive because: (1) the trial court was erroneously influenced by commercial values awarded by this court in State, Through Department of Highways v. Francis, La.App., 189 So.2d 3; (2) the trial court erred in refusing to admit in evidence a sales study which would contradict the testimony of defense experts who allowed a 50% increase to their comparable sales for the years 1959-1964; and (3) the only true comparable sales which should have been used in arriving at the proper valuation were Linhuber “A” and “B”, which com-parables were erroneously interpreted by the court. Defendant contends she should be awarded the same compensation granted in State, Through Department of Highways v. Francis, supra, since the Francis property was situated only 100 feet west of the subject property and both were taken by plaintiff at approximately the same time.
We do not agree with plaintiff’s first contention. The property taken in the Francis case is approximately 100 feet to the west of the subject property. In Francis the trial court made an award of $2.20 per square foot for the commercial portion and that figure was increased to $2.30 on appeal. The trial judge in the instant case felt he should not disregard the finding of this court in Francis because of the proximity of the properties to each other, particularly insofar as the portion zoned F Heavy Commercial is concerned. However the trial judge did not rely solely on Francis; he also relied on the testimony of the defendant appraisers who used approximately twenty comparable sales as well as the Francis case in arriving at their conclusions. And we note that the similarity in the award here with the award in Francis extends only to the commercial, and not to the residential, areas. Of course, our decision in Francis is not controlling here; but it can, and should be, considered in arriving at a conclusion as to the value of the subject property. See State, Through Department of Highways v. Caillier, La.App., 157 So.2d 274, 275.
Plaintiff argues that the Francis property has a 50% greater width, consequently should be worth more than the subject property, and its appraisal of $1.65 for the commercial subject property reflects this smaller frontage. The subject property is 72 feet in width and the width of the Francis property was 108 feet. While recognizing the two points of dissimilarity in *538 the properties, i. e., the greater width of the Francis property and the fact that its rear portion had a buffer zone and fronted on a paved street, defendant’s appraisers did not think the width factor was important in the commercial portion which, in their opinions, was worth the same in both instances because the highest and best use of the properties was the same.
Relative to its second contention, plaintiff unsuccessfully attempted to introduce in evidence a sales study made by its appraiser to contradict a 50% increase which plaintiff argues the defendant appraisers added to the values of their comparable sales to reflect influences of NASA, the Mississippi River Gulf Outlet, increased traffic in the area, and various other outside influences. It is plaintiff’s position the comparable sales after 1961 already include these influences and therefore any increase in the price of those comparables is a duplication and improper.
We do not find the defendant appraisers made such a duplication. Mr. Maloney made no adjustment for outside factors other than that he observed the market value had been increasing in the area at about 10% per year. Mr. Kuebel added 50% to sales prior to 1961, the date of the NASA opening, and 1962, the date of the Mississippi River Gulf Outlet opening for heavy water traffic, but adjusted later sales, which did reflect those influences, by a lesser amount. Adjustments were likewise made by these appraisers in values of comparables to reflect other influences such as utilities, favorable location, uniformity of depth, etc.
In our opinion the trial court properly excluded the sales study (in the record by means of a proffer) because it encompassed industrial tracts as well as commercial and residential sales and leases. It was the trial court’s opinion, and we agree, that there is a vast difference between industrial property and commercial property, with which we are here primarily concerned. Furthermore, the trial court concluded that since the study did not encompass every sale, but only selective sales from 1957-1965, it could not accurately establish a trend.
The trial court did not agree with plaintiff’s third contention, that the only true comparables were two sales introduced in evidence as Linhuber A and B. The Linhuber property was located miles distant from the subject property. While its size approximated the size of the subject property, the evidence tends to establish that the two sales, one five months prior to this taking for approximately $0.39 a square foot, and the second three weeks before this expropriation for $0.70 a square foot it appears those sales do not reflect a fair market value; to the contrary, they appear to have involved an uninformed seller. Defendant’s witnesses were of the opinion that the Linhuber sales were “steals”, and evidence relative to other sales in the area does establish that the Linhuber sales were far below the price of the other sales. In addition, the Linhuber properties, which were purchased for use as a nursery, were not located in as desirable a residential or commercial area as, and required more fill than, the subject property. The defendant’s experts testified they knew of, but did not use, the Linhuber sales because the back portion of those properties was captive and of very little use due to an absence of access to intervening streets. Those experts considered the subject property more useful because it had utilities, except for sewerage, which Linhuber did not. Noting that plaintiff’s expert himself did not rely only on the Linhuber sales (his conclusion in this case was $0.34 a square foot overall as compared with $0.70, the price in the more recent Linhuber sale), we find no merit in plaintiff’s third contention.
We do not agree with defendant’s contention that she should receive the same compensation awarded in Francis. Although that property is only 100 feet west of the subject property, the expert testi *539 mony clearly establishes that, insofar as the residential portions are concerned, the Francis property is superior. On the dates of the sales the latter was already subdivided and contained a much greater area than the subject residential area, which could not be subdivided for residential use under present minimum requirements of the City of New Orleans. There was no sewerage on the subject property, the improvements thereon were of little value, the Francis property extends to a paved street and the subject property does not, all of which made the Francis property more valuable than the subject property.
While recent sales of comparable property similar in size and shape are the best criterion of value in expropriation proceedings, each case must stand on its own facts. State, Through Department of Highways v. Levy, 242 La. 259, 136 So.2d 35; Gravity Drainage District No. 1 of Rapides Parish v. Key, 234 La. 201, 99 So.2d 82; Mississippi River Bridge Authority v. Curry, 232 La. 140, 94 So.2d 9; State, Through Department of Highways v. Sumrall, La.App., 167 So.2d 503.
It is clear the trial court did not completely accept the opinion of any one of the experts. He did accord greater weight to the testimony of defendant’s experts, their comparables and the Francis case. Faced with a mass of inconsistent and conflicting material upon which the experts gave him inconsistent and conflicting opinions, he was required to resolve the conflicts as best he could and we find no error in his conclusions. A statement made by this court in State, Through Department of Highways v. Reuter, La.App., 175 So.2d 316, 324, is apropos:
“We are dependent entirely on the testimony of the experts who have testified on this point. We recognize the elements of speculation, which of necessity bear upon the appraisal, and are of the opinion that there is no absolutely accurate formula by which the value of property can be determined with mathematical exactness. Therefore, any evaluation which the court places on property concerning which competent appraisers are not in full agreement is to a degree arbitrary. Unless it is evident that the trial court is unreasonably arbitrary or its evaluation is at great variance from the appraisal of the experts, we feel its judgment should not be disturbed.”
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.