GULOTTA, Judge.
This is an appeal from a suit by the Department of Highways of the State of Louisiana for the expropriation of a parcel of property for highway purposes owned by the defendant, Arthur M. Allen, and partially leased to Lew A. Wallace, lessee.
The subject property is located in the third district of the ninth ward within the City of New Orleans along the Chef Menteur Highway in close proximity to the area wherein Downman Road intersects the said highway. The tract of land owned by defendant, Allen, measures 108.5 feet front on the north side of Chef Menteur Highway by depth of 1,111 feet between equal and parallel lines. The property is zoned F-commercial from the entire frontage on the highway to a depth of 995 feet. The remaining rear area is zoned B-residential.[1]
The part of the property expropriated under the Quick Taking Act, LSA-R.S. 48:441^t60, involves all of the frontage on the highway to a depth of 398.25 feet on the eastern side and slanting back to the western point on the property on the Chef Menteur Highway. ' The total amount of area of ground subject of the taking was 23,478 square feet, all of which is zoned F-commercial, and encompasses the entire frontage on Chef Menteur Highway. This area represents the most valuable parcel of the defendant Allen’s property.
By agreement and compromise with the lessee, the lease was cancelled and Arthur M. Allen became the unencumbered owner of the property. The property was taken on June 4, 1964, after the Department of Highways filed an estimate of just compensation dated March 11, 1964 setting forth the value of the land expropriated at $44,-600 and in addition the value of the damages to the remainder as a result of the taking at $39,100, or a total of $83,700. This estimate was signed by two competent appraisers, E. A. Tharpe, Jr., and E. A. Aschaffenburg. This amount was deposited in the registry of the court in accordance with law and subsequently withdrawn by the owner, Allen.
There is no dispute with the right of the Department of Highways to expropriate the property. The only dispute is the value of the property taken and the amount of the damages incurred. There is also no dispute as to the value of the residential part of the property in the rear of the Allen parcel of ground. All experts agree that the value is $1.00 per square foot and is not affected one way or the other by the taking. The dispute arises as to the value of the commercial property in June, 1964, and the effect of the taking on the remaining portion of the Allen property.
The Department of Highways contends that the amount deposited in the registry of the court, i. e., the sum of $44,600 is adequate and just compensation for the property expropriated based on an evaluation of $1.90 per square foot.
The defendant-appellant, Allen, contends that the amount of compensation paid for the area expropriated is inadequate and that an adequate and just sum should have been based on an evaluation of $2.50 per square foot. The contention, as to adequate compensation and damages, is as follows:
(Value of the land taken (23,478.8 sq. ft.) at $2.50 pei- sq. ft. (Tr. Vol. 2, p. 15) $58,696.75
Total compensation due to defendant (for land taken and for damages to the remainder) as of June 4, 1964 $122,391.73
*340 Computed as follows:
Value of the entire property $227,607.40
Value of the remainder immediately after taking $105,215.67
Total compensation due for land taken and damages as of June 4, 1964 (Tr. Vol. 2, p. 40) $122,391.73
Subject to credit of payment by Highway Dept. $ 83,700.00
Additional amount of compensation for land taken and damages as of June 4, 1964, due to defendant $ 38,691.73
Fee paid by defendant to expert appraiser $ 1,950.00
Total amount due to defendant (as per Tr. Vol. 3, Testimony of 4-21-69, p. 67) $ 40,641.73
Plus legal interest from June 4, 1964.
Defendant-appellant further contends that the amount of damages is determined at the time of the trial as distinguished from the time of the taking.
Defendant-appellant further contends that he was not permitted to properly cross examine an appraiser who signed the estimate of just compensation and therefore was deprived of an opportunity to impeach his testimony and further deprived the court of evidence which would assist in reaching a determination of an adequate and just compensation.
The trial court concluded that the payment by the Highway Department of the sum of $44,600 for the land ($1.90 per square foot) was adequate compensation for the land and that $39,100 paid by the Highway Department for the depreciation in value of the remaining portion, after the taking, was also adequate and denied the defendant’s claim for additional compensation.
In connection with the question of the method of computing the damages to the remaining portion of the property after the expropriation, this court is of the opinion that the trial judge rightfully concluded that the damages allowable for expropriation of property rights is the difference between the market value of the property for sale or rental purposes immediately before and immediately after the expropriation. The trial court cited State Through Department of Highways v. Mason, La., 229 So.2d 89. Rehearing denied December 16, 1996. In well written reasons for arriving at this conclusion the trial judge properly resolved this issue.
This court further cannot agree with the contention of the defendant-appellant that the defendant and the court were deprived of the testimony both on direct and cross examination of witness, Aschaf-fenburg, one of two appraisers who signed the estimate of just compensation. A study of the record reveals that Mr. Aschaffen-burg was afforded ample opportunity to explain, evaluate and re-evaluate the reasons for the conclusions and values reached by him. The earlier complaints of defendant-appellant were cured, if ever they did exist, by the later testimony of Mr. Aschaf-fenburg which afforded both sides ample opportunity to question this witness. Therefore, we find no merit in this contention by the defendant-appellant that the trial court was in error resulting in a failure to have the entire record complete from the testimony of the witnesses available to the court. On the contrary, there is, in this court’s opinion, more than ample evidence upon which to base a judgment. We find no merit, therefore, in defendant-appellant’s contention that we remand this matter in order to afford opportunity for further evidence to be taken herein.
However, in connection with the question of the square foot evaluation placed on the property expropriated in its estimate of just compensation by the Department of Highways and embraced by the trial court in the judgment rendered and in the reasons assigned by the trial court, we find that there is merit in defendant-appellant’s contention and that the trial judge was in error.
*341 The trial judge properly enumerated that in expropriation cases we are dealing in the abstract and that we are dealing with the opinions of experts and that we must rely on the opinions of those experts. However, it does not necessarily follow that we must completely embrace the opinion of one expert or set of experts to the exclusion of others.
We are of the opinion that while considering the testimony of experts, we must consider other variables and compara-bles as well as other adjustments and in addition, similar judgments and opinions of appellate courts involving property comparable to the subject property. In the final analysis, however, each case must stand on its own facts. State of Louisiana Through Department of Highways v. James, La.App., 226 So.2d 535, citing State Through Department of Highways v. Levy, 242 La. 259, 136 So.2d 35; Gravity Drainage District No. 1 of Rapides Parish v. Key, 234 La. 201, 99 So.2d 82; Mississippi River Bridge Authority v. Curry, 232 La. 140, 94 So.2d 9; State Through Department of Highways v. Sumrall, La.App., 167 So.2d 503; and State Through Department of Highways v. Cenco, Inc., La. App., 187 So.2d 162.

Compensation for Land Expropriated

The evidence reflects in this case that after the Highway Department presented its certificate of estimate of just compensation and rested its case, defendant-appellant Allen moved forward with the evidence. The first witness was Mr. Omar Keubel. He placed an evaluation on the land taken at $2.50 per square foot. His conclusions or values are embodied in defendant-appellant’s contention outlined hereinabove. He uses lesser values for the commercial property to the rear of the property expropriated to a point south of Warfield Street and a different value for the remaining portion of commercial property up to the area in the rear zoned B-residential. The residential area he values at $1.00 per square foot both before and after the taking.
The average overall price as determined by Mr. Keubel was $1.51 per square foot.
The method used by Mr. Keubel in arriving at the $2.50 per square foot evaluation was by the use of comparable sales in the area of the subject property. Com-parables used by him varied in size and dimension as well as location. Many of the comparables used were of little or no value because the property was not similar to the subject property to the extent that they could be given much weight. Mr. Keubel did not impress the court that he could substantiate some of the comparables relied on by him in reaching an evaluation of $2.50 per square foot for the portion expropriated. On the contrary, most of the comparables after the adjustments were made for one reason or another reflect a square foot value substantially less than the $2.50 per square foot and more in the area of $2.00 per square foot.
The State in rebuttal submitted the testimony of Fernand C. Gandolfo, Jr., which primarily was offered to refute that of Mr. Keubel which was to the effect that property located on the south side of the Chef Menteur Highway was less valuable than that on the north side. It is of moment to note that the subject property is located on the north side and according to Keubel is more valuable than is property located on the south side of Chef Menteur Highay. Mr. Gandolfo refutes this. Because there are comparables more similar to the subject property on the same side, i. e., the north side of the Chef Men-teur Highway, this testimony is of little value.
The Highway Department then submitted the testimony of Mr. Eugene A. Aschaf-fenburg on rebuttal to refute the testimony of Mr. Keubel. He differed from Mr. Keubel in the value of the property ex-proriated indicating that the upward adjustment used by Mr. Keubel to arrive at the $2.50 per square foot figure did not consider minus adjustments which, when included and assessed with each comparable used by Mr. Keubel, would reduce *342 the value of those comparables below his, Aschaffenburg’s, original estimate of $1.90 per square foot.
The comparables relied on to a large extent by Mr. Aschaffenburg are the sales of Bosworth and Stone to the Department of Highways dated June 19, 1963, of certain property 108 feet front on Chef Menteur Highway on the north side by a depth of 520 feet. All of the property expropriated was F-commercial as was the subject property. The Bosworth property is adjacent to and east of the subject property. This is a good comparable to use in determining the value of the subject property. The only variance is as to time differential from June, 1963 to June, 1964 and the fact that the Allen tract has a commercial depth of 995 feet and the Bosworth property has a commercial depth of 520 feet. Both of these facts according to the testimony of Keubel and Aschaf-fenburg require an upward adjustment of the subject property. The sale price for the Bosworth property was $1.90 per square foot.
Another comparable considered by the court as well as by Mr. Aschaffenburg, also a most relevant one, is the Linhuber sale wherein Linhuber sold to Department of Highways in March, 1963 a parcel of ground measuring 108 feet front on Chef Menteur Highway by a depth of 513 feet for the sum of $1.90 per square foot. This property also is zoned F-commercial as is the subject property and is located 108 feet east of the Allen tract. Again the distinguishing factual circumstances applicable to the Bosworth sale in relation to the Allen property are the same and require a similar upward adjustment.
Other comparables were used by both Mr. Keubel and Mr. Aschaffenburg in arriving at their opinions as to value. However, we are of the opinion that none are more relevant than the Bosworth and Linhuber comparables.
The court must, however, consider two other comparables which we deem most relevant. Those are the Felix Francis tract located immediately adjacent to the Linhuber tract measuring 108.56 feet front on the Chef Menteur Highway by a depth of 553.86 feet. This property is zoned F-commercial and was the subject of expropriation proceedings. In the case of State Department of Highways v. Francis, La.App., 189 So.2d 3, the Court of Appeals awarded compensation based on $2.-30 per square foot. Further in the case of State Through the Department of Highways v. James, 226 So.2d 535, the Court of Appeal awarded $2.30 per square foot for the commercial property. This property measures 72 feet front on Chef Men-teur Highway and is also zoned commercial. It is located approximately 450 feet east of the subject property. The frontage is less in width than is the subject property; however, it is similar in other respects and is most helpful in dete-mining the value of subject property.
In determining the value it would be error were we not to consider the Francis and James decisions. These compara-bles also are most relevant in determining value of the subject property and are irreconcilable and indistinguishable. After considering the comparables referred to herein above, as well as the testimony of Keubel and Aschaffenburg, we are of the opinion and so find that the sum of $2.10 per square foot is the adequate and just compensation to use in assessing the amount of the award due the defendant-appellant herein for the frontage land expropriated.
Accordingly, we apply this figure of $2.10 to the 23,478 square feet of land expropriated to find that the appellant is entitled to $49,303.80 as compensation for the taking.
SEVERANCE DAMAGES
As stated above, severance damages in this award are based on the difference between the market value of the property immediately before and immediately after the taking. Since both expert appraisers assigned the sum of $105,216.00 as the value *343 immediately after the taking, there remains only to determine the value immediately prior to the taking.
Each appraiser divided the entire property into zones or areas for the purpose of this determination as follows:[2]

1. Hwy to 402' $2.50 $108,573 (end of taking) 43,429 sq. ft. $1.90 $82,515
2. 402' to Warfield St. 2.20 40,249 18,295 sq. ft. 1.90 34,761
3. Warfield St. to end 1.50 68,357 of Commercial 45,571 sq. ft. 1.10 50,128
4. Residential 1.00 13,016 13,016 sq. ft. 1.00 13,016
Value of entire property $230,195 $180,420
A review of the comparables and of the methods and opinions of the appraisers convinces us that the fair market value, prior to the taking, of the property as divided into zones is as follows :

2. $1.45 per square foot for Warfield Street to the end of commercial property, or 45,571 square feet. 66,078.00
3. $1.00 per square foot for residential area of 13,016 square feet agreed upon by Mr. Keubel and Mr. Aschaffenberg before and after the sale value. 13,016.00
Total $208,714.00
From this figure must be subtracted the agreed value of the land after the taking ($105,216) and the compensation awarded for the taking ($49,303.80). The final figure represents the severance damages to be awarded, and the calculation is as follows:
Value prior to taking $208,714.00
Value after taking -105,216.00
Value of land taken plus
severance damages $103,498.00
Value of land taken -49,303.80
Severance damages $ 54,194.20
For the reasons assigned, the judgment is amended to award defendant-appellant the sum of $49,303.80 as compensation for the land expropriated and in addition as severance damages the sum of $54,194.20, or a total of $103,498, less the sum of $83,-700, which amount was deposited and withdrawn. The total, therefore, due and owing to the defendant-appellant is the sum of $19,798 with legal interest thereon from the date of the taking, June 4, 1964, until paid. The expert fee of the appraiser, Omar F. Keubel, is hereby set at $1,500 to be taxes as costs, and all costs are assessed against plaintiff-appellee. The judgment is so amended and, as amended, affirmed.
Amended and affirmed
*344 APPENDIX

. An exhibit locating the Allen tract and detailing its dimensions, zones and the areas within these zones which are frequently referred to by the court has. been made a part of the opinion and appended hereto.

. The figures shown are not exactly those used by the appraisers, but are adjusted for purposes of ease in illustration.