REDMANN, Judge.
This appeal in an expropriation suit seeks increases in awards for one portion of land taken and for improvements. The main argument is that a district court is bound to fix and award a square-foot land value identical to that the court of appeal awarded in two cases of adjacent tracts.
We reject this argument as an impermissible attribution to conclusions of fact the binding status of conclusions of law. Trial courts may be obliged (even in Louisiana’s civil law system) to follow law declared by appellate courts, but facts in each case must be decided from the evidence in that case’s own record (and not from the factual evidence in some other cases, even if inferable from the factual conclusion the other cases’ opinions may reach).
The trial court reasoned :
The court is inclined to believe that the value estimate of [the state’s expert, about $1.92], based upon market value, is value as of the time of the taking; however, the court is of the opinion that it is bound to award to the defendants the amount of $2.10 per square foot for the commercial T’ lands awarded in the Allen case since both [state and defense experts] indicate the subject property to be comparable and this is the latest decision of the appellate court.
Thus the trial court would have fixed value lower than $2.10, but for State, Dept. Hwys. v. Allen, La.App.1971, 243 So.2d 337, writ refused 258 La. 245, 245 So.2d 716. The State has not appealed nor answered the appeal and we therefore need consider only the owner’s argument that the trial court erred in following Allen rather than State, Dept. Hwys. v. Francis, La.App.1966, 189 So.2d 3, or State, Dept. Hwys. v. James, La.App. 1969, 226 So.2d 535.
Francis did not discuss the comparables the experts there used (except to say the comparables were “inconsistent”). Francis does not specify either why the trial judge fixed a $2.20 value, or why this court thought “a somewhat greater figure [of $2.30] should have been awarded by the court below,” 189 So.2d at 8.
James itself noted that, on the question of value, “[o]f course, our decision in Francis is not controlling here . . . .” 226 So.2d at 537. James did discuss some comparables, but James basically affirmed the trial court’s factual finding of $2.30 for the commercial portion of the property.
In Allen this court raised the trial court’s $1.90 valuation to $2.10. We opined that the most comparable sales were two at $1.90. However, we noted Francis’s and James’s $2.30 values, said they were “irreconcilable and indistinguishable,” and awarded $2.10.
Evidently here the trial judge felt his safest path was to take Allen’s $2.10 value.
Able counsel points out the problem a layman sees: how can the subject property, “which has a larger highway frontage and was, overall, more desirable [counsel argues] than the [James] property which *838 adjoined it to the west, be worth only $2.10 per square foot and the less desirable tract be worth $2.30 per square foot?” It might be noted that the state’s expert testified factually that the subject property both retained water and was partly covered with junked automobiles, and was therefore not as valuable as the adjacent property. Yet we need not rely on this purported difference: we may assume the tracts are nearly identical in square-foot value. One trial judge (from the evidence before him) concluded one tract was worth $2.30; our trial judge (from the evidence before him) concludes the other tract is worth $2.10. These two evaluations are inconsistent: but we cannot tell which is more “correct” because closer to some theoretically ideal value. Both may be “correct” in the sense that each may be a reasonable approximation of value, reasonably supported by the evidence in its own case.
(One might note that, by stipulation, the residential land here taken was valued at $0.25 a square foot, although James valued the residential land at $0.20.)
We repeat that the value of land is a factual question. The trial court’s function is to answer that factual question by fixing value on the basis of the evidence introduced in the trial. The appellate court’s function is only to review the evidence in the trial court record to determine (as in other factual review cases) whether the trial court’s factual conclusion is reasonably supported by evidence.
The state’s expert discussed several comparables at $1.90 or less. He would fix a value of $2.50 on a small, shallow portion taken, and $1.90 on a 460' deep portion, for an average value of $1.92. The owner’s expert discussed additional comparables and reached a $2.30 value (equal to the Francis and James valuations).
We conclude that the evidence does reasonably support the trial court’s factual conclusion that this tract was worth not more than $2.10 a square foot.
We also find the evidence supports the trial judge’s award for improvements.
The $2,400 award for a brick shell of a one-story 69/ by 40' building “in very, very poor condition” except for exterior walls, and not suited to the highest and best use of its commercial site, is supported by expert opinion that is reasonable. There is no other evidence except one co-owner’s testimony that he and his brother built the building at a cost of $40,000, and had used it profitably first as a night club and later for new and used automobile parts sales. We cannot say the trial court’s evaluation is not reasonably supported by the evidence.
Similarly the $17,000 award for single and double rental housing on the residential land cannot be held erroneous. The co-owner’s testimony of building those houses at a cost of $5,000 each and of rents totalling $6,800 a year might support a higher award. However, the expert’s description of “shacks” is corroborated by photographs. The trial court’s acceptance of the only expert opinion of value was not error.
Affirmed.