394 So.2d 1250 (1980)
TRUNKLINE GAS COMPANY
v.
Alfred RAWLS, Jr. and John D. Smith.
No. 14348.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
On Rehearing March 23, 1981.
*1251 Liskow & Lewis by John M. Wilson, New Orleans and Robert T. Jorden, Lafayette, for appellant.
McIntosh, Fox & Lancaster by George F. Fox, Jr., Lake Providence, Glen W. Strong, Oak Grove, for Alfred Rawls, Jr.
Before PRICE, HALL and MARVIN, JJ.
MARVIN, Judge.
In this action under LRS 19:2(7) to expropriate underground rights for the storage of natural gas, the plaintiff gas company appeals, seeking to reduce the amount awarded and to avoid costs and attorney fees which were assessed against plaintiff. We amend and affirm.
The issue is whether under the circumstances of this particular case the award is an abuse of discretion by the trial court. LRS 19:8 provides for attorney fees if the award exceeds the highest amount offered the landowner by the expropriator.
Plaintiff sought to expropriate an essentially depleted gas reservoir known as the Monroe Gas Rock formation underlying defendant landowner's 40 acres. The gas fields in the area of defendant's property (the Epps field and the South Epps field) had commercially produced gas since about 1928 until 1973. Defendant's property, however, was not productive of gas even though it overlaid the reservoir. The reservoir still contained some gas, called residual gas, which was not capable of being commercially produced when production ceased and when the expropriation commenced. Expert testimony differed as to whether gas could have been produced at any time from the reservoir underlying defendant's 40 acres.
Plaintiff offered the landowner $2,785. The trial court awarded $21,568. The trial court concluded that there was only a "remote possibility" that commercially producible gas was in the reservoir underlying defendant's property, but held that it was proper to give some consideration to that possibility for the purposes of valuing the underground strata.
The lower court also determined that it was proper to consider the effect of the completed underground storage facility on oil and gas exploration which might occur at greater depths.
Defendant's appraiser considered these matters, the particular adaptability (suitability) of the site for underground storage, and the several factors and the award which were stated in the case of Mid-Louisiana Gas Company v. Sanchez, 280 So.2d 406 (La.App. 4th Cir. 1973). The trial court accepted generally the approach by the appraiser for the defendant and declined to accept the alleged "market value" approach used by plaintiff's appraiser. The trial court gave no appreciable weight to plaintiff's appraisal because that appraiser's alleged comparable sales included only those sales which plaintiff itself had consummated in the area under the threat of expropriation, because no consideration was given to the residual gas in the reservoir, and because no consideration was given to the special suitability of the property.
Defendant's appraiser adjusted the award in the Sanchez case to account for inflation and other variables or differences and determined a per acre value for the right taken here. The trial court found the field in Sanchez to be broadly comparable to the fields in the area of defendant's property and concluded that the several considerations made by defendant's appraiser were the only reliable way to arrive at a value. This was not reversible error.
In Sanchez, consideration was given to the value of the residual gas in the *1252 reservoir, to the particular adaptability of the property, and to the broad comparison with the value paid for the right in other fields remote from Sanchez where underground rights had been sold for storage purposes. The trial court did not abuse its discretion in determining the amount of the award. The determination of what amount will compensate a landowner to the full extent of his loss because of expropriation of a property right must be made on the basis of the facts of each case and in accord with the uniqueness of the thing taken. LRS 19:9; Art. 1, § 4, La.Constn. See State, Department of Highways v. Allen, 243 So.2d 337, 341 (La.App. 4th Cir. 1971).
In answer to the appeal, defendant seeks to increase the award of attorney fees from $2,500 to $12,525, to increase some of the expert witness fees from $1,030 to $1,330, and to amend the judgment to have interest run from judicial demand instead of from the date of the judgment.
The trial court in its initial reasons for judgment adopted an annual payment formula for the determination of compensation. In the initial reasons for judgment the trial court stated that 25 percent attorney fees would be awarded defendant, but applied the 25 percent to the amount to be paid for the first payment. In amended reasons for judgment, the trial judge correctly determined that the compensation should be paid at one time but did not change the amount of the award of attorney fees. By analogy see LRS 48:453(E). Reasonable attorney fees should have been awarded. LRS 19:8. See City of Shreveport v. Pupillo, 390 So.2d 941 (La.App. 2d Cir. 1980). Considering this record and the difference in the amount offered and the amount awarded as compensation, we shall increase the award of attorney fees from $2,500 to $6,200.
We find no abuse of discretion in the fixing of the fees for expert witnesses. In cases of expropriation by entities such as plaintiff, the property is not taken until a judgment is signed and interest does not begin to run on the amount of the judgment from the date of demand, but runs from the date of the judgment or from the date the plaintiff appropriates the property to its use, whichever date is sooner. See Greater Baton Rouge Airport v. Hays, 339 So.2d 431 (La.App. 1st Cir. 1976), writ denied. There is no showing of an earlier appropriation and we find no error in the judgment fixing interest from the date of the judgment.
Judgment is amended to increase the award of attorney fees from $2,500 to $6,200, and as amended, and at the cost of appellant, judgment is
AFFIRMED.
PER CURIAM.
We granted a rehearing to enable the court en banc to consider Trunkline's contentions that we erred in affirming the trial court's determination of just compensation for the right expropriated.
We have again reviewed the record and conclude that the views expressed in our opinion on the original hearing are correct and we adopt it as our opinion on rehearing.